**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Fred CHANG, Jr., Defendant–Appellant.**

No. 00–10002.
D.C. No. CR 99–00224–SOM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 12, 2001.[1]

Decided March 26, 2001.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WALLACE, SILVERMAN and W. FLETCHER, Circuit Judges.

### MEMORANDUM[2]

Fred Chang, Jr. appeals his 168–month sentence imposed following a guilty plea to one count of conspiracy to possess with the intent to distribute in excess of fifty grams of crystal methamphetamine, and 500 grams of cocaine, in violation of 21 U.S.C. § 846, and one count of possession of property subject to criminal forfeiture, in viola-

tion of 21 U.S.C. § 853. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Chang contends that the district court erred when it denied his request for a two-level downward adjustment for a minor role in the offense under U.S.S.G. § 3B1.2. Whether the defendant is a minor or minimal participant under U.S.S.G. § 3B1.2 is a factual determination that we review for clear error. *United States v. Lui,* 941 F.2d 844, 848 (9th Cir.1991).

■ The district court found here that Chang was not a minor participant where he tested a sample of the drug, handled some of the drugs, and provided some of the money for the drug transaction. Because the evidence presented supports the district courts findings, the district court did not clearly err when it concluded that Chang was not a minor participant. *Id.*

■ Chang also contends that the district court abused its discretion when it denied his request for a downward departure based on a combination of lack of knowledge of the quantity and type of drug involved, sentencing entrapment and aberrant behavior. Because the record indicates that the district court exercised its discretion in denying Chang's request for downward departure, we lack jurisdiction to review the district court's decision. *United States v. Pinto,* 48 F.3d 384, 389 (9th Cir.1995).

AFFIRMED.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.